■ ESTHER SPANGO et al., Respondents, v F. W. WOOLWORTH COMPANY, Appellant.—Order of the Supreme Court, New York County, entered October 6, 1986 (Burton Sherman, J.), reversed on the law and the facts and plaintiff's motion to quash the subpoena denied, without costs.

This is an action for breach of warranty, negligence and strict products liability in which plaintiff alleges that a dress she purchased at the defendant store caught fire and caused her injuries. Plaintiff's daughter, Angela Clancey, a nonparty witness, appeared and testified at an examination before trial on August 27, 1985. Subsequently, on June 25, 1986, another nonparty witness, Dr. Robert Stephen Lemke, a psychiatrist who treated plaintiff after the accident, testified that Angela Clancey had told him that the accident was an attempt at suicide by her mother. Given this new evidence as to how the accident occurred, defendant was entitled to a further examination of the nonparty witness, Angela Clancey. CPLR 3101 (a) requires "full disclosure of all evidence material and necessary in the prosecution or defense of an action" even though the person to be examined may not be a party. The examination should be limited to the new information revealed by the psychiatrist's examination. Concur—Murphy, P. J., Kupferman, Ross, Milonas and Smith, JJ.